IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| MICHELE WILLIAMS., <br><br> Plaintiff, <br><br> v. <br><br> THE HERSHEY COMPANY., <br><br> Defendant. | Civil No. 20-9394 (RBK/MJS) <br><br> **OPINION** |

**KUGLER**, United States District Judge:

Presently before the Court is Defendant's Motion to Dismiss (Doc. No. 4). For the reasons set forth below, Defendant's Motion is **GRANTED** in part.

## I.   BACKGROUND

### A.  Factual Background

Plaintiff Michele Williams ("Ms. Williams"), a 58-year-old disabled female, was hired in May of 2003 to work as a sales representative for Defendant Hershey Company. (Doc. No. 8, Am. Compl. at ¶¶ 9–10). Thirteen years into her employment, in August of 2016, she underwent knee surgery and thereafter took a leave of absence until November. (*Id.* at ¶ 12). In January of 2018, her Crohn's disease flared up and she requested and was granted an intermittent leave of absence from work. (*Id.* at ¶ 13). Approximately eight months later, in September of 2018, a Hershey human resource representative, Josh Buckley, called Ms. Williams out of a meeting for suspected intoxication. (*Id.* at ¶ 16). Ms. Williams agreed to submit to a breathalyzer and urine test. (*Id.* at ¶¶ 17–20). She passed the breathalyzer test but was placed on administrative leave

while the results of the urine test were pending. (*Id.* at ¶¶17–21). In October,[1] Ms. Williams received a call from Hershey's human resources department informing her that the urine test detected alcohol, marijuana, and Ritalin (for which she had a prescription) in her system. (*Id.* at ¶ 22). As a result of the positive test, Hershey required Ms. Williams to attend an outpatient drug treatment program, submit to random urine and breathalyzer tests, attend counseling in Hershey's Employee Assistance Program, attend psychological counseling, and respond to random phone calls from human resource representatives inquiring about her well-being. (*Id.* at ¶ 23). This program continued for five months and Ms. Williams successfully completed it. (*Id.*).

In February of 2019, Hershey requested that Ms. Williams sign a "last chance" agreement in consideration for her continued employment. (*Id.* at ¶ 24). Thereafter, it increasingly scrutinized Ms. Williams' work. (*Id.* at ¶ 25). Ultimately, she was terminated on April 25, 2019. (*Id.* at ¶ 26). Around the time Ms. Williams was terminated, several other employees who worked in the same district as her and who were 55 years or older were terminated. (*Id.* at ¶ 27). Ms. William's position was filled by a younger individual with less experience.

### B. Procedural History

On July 24, 2020, Plaintiff filed a complaint against Defendant Hershey Company asserting claims for: (1) FMLA interference (Count One); (2) FMLA retaliation (Count Two); (3) discriminatory discharge under NJLAD (Count Three); (4) hostile work environment under NJLAD (Count Four); (5) retaliation under the NJLAD (Count Five); (6) declaratory relief (Count Six); and (7) injunctive relief (Count Seven). (Doc. No. 1). Defendant moved to dismiss Counts One, Three, Four, Six and Seven. (Doc. No. 4). In response, Plaintiff amended the

---

[1] Plaintiff alleges Ms. Williams received a phone call from Hershey regarding the urine test in October of 2019 even though the event precipitating this test occurred in September of 2018. We assume the October 2019 date was a typo and Plaintiff meant October of 2018.

complaint removing her claims for FMLA interference, discriminatory discharge and hostile work environment based on sex under the NJLAD, and declaratory and injunctive relief. (Doc. No. 8). In turn, Defendant withdrew, without prejudice, its corresponding arguments. (Doc. No. 9). Thus, the only issue before this Court is Defendant's challenge to Plaintiff's claim for hostile work environment based on age under the NJLAD.

## II. LEGAL STANDARD

### A. Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6)

Federal Rule of Civil Procedure 12(b)(6) allows a court to dismiss an action for failure to state a claim upon which relief can be granted. When evaluating a motion to dismiss, "courts accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (quoting Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)). In other words, a complaint survives a motion to dismiss if it contains enough factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

To make this determination, courts conduct a three-part analysis. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 (3d Cir. 2010). First, the Court must "tak[e] note of the elements a plaintiff must plead to state a claim." *Id.* (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009)). Second, the Court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." *Id.* (quoting *Iqbal*, 556 U.S. at 680). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (quoting *Iqbal*, 556 U.S. at 678). Finally, "when there are well-pleaded factual

allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." *Id.* (quoting Iqbal, 556 U.S. at 679). A complaint cannot survive a motion to dismiss where a court can only infer that a claim is merely possible rather than plausible. *Id.*

## III. DISCUSSION

### A. New Jersey Law Against Discrimination

Defendant contends that Plaintiff's claim for hostile work environment based on age under the NJLAD should be dismissed because her allegations of harassment have no apparent connection to her age.[2] Plaintiff does not contest this specific point in her response; she merely contends that the entirety of Defendant's motion to dismiss is rendered moot by her amended complaint.[3] Not so. Although Plaintiff's amended complaint mooted almost every argument raised by Defendant, it did not deprive Defendant's hostile work environment argument of its legal significance. As Defendant aptly notes, Plaintiff has not added any facts to her amended complaint to remedy the deficiency pointed out in her original complaint. Therefore, we may consider Defendant's hostile work environment argument as being addressed to the amended complaint. *Jordan v. City of Philadelphia*, 66 F. Supp. 2d 638, 641 n.1 (E.D. Pa. 1999) (noting "Defendants . . . 'are not required to file a new motion to dismiss simply because an amended pleading was introduced while their motion was pending. If some of the defects raised in the original motion remain in the new pleading, the court simply may consider the motion as being addressed to the amended pleading.'") (quoting 6 Charles A. Wright, Arthur R. Miller, and Mary

---

[2] In Defendant's reply brief, it raises an argument not previously raised in its motion to dismiss. Defendant contends that Plaintiff's allegations to do not rise to the level of severe or pervasive harassment and therefore her hostile work environment claim should be dismissed on this ground as well. Whatever the merits of this contention, it is well settled that a litigant cannot inject new arguments into the discourse in a reply brief. *Gilbert v. United States*, No. CV 14-243 (NLH), 2016 WL 4087274, at *4 (D.N.J. July 28, 2016). Therefore, we will not address this issue.
[3] It is possible that Plaintiff believes her allegations in paragraph twenty-seven of the amended complaint address this argument and render it moot. We cannot tell because Plaintiff was not explicit.

4

Kay Kane, Federal Practice and Procedure § 1476 (2nd ed. 1990)). And although Defendant's argument on this point is technically uncontested, we must still analyze the merits of its contention. *Hammond v. Contino*, No. CIV. 14-1042 RBK/AMD, 2014 WL 6388757, at *3 (D.N.J. Nov. 17, 2014) (noting even if a party's motion to dismiss is uncontested, it must still be analyzed on the merits); *Stackhouse v. Mazurkiewicz*, 951 F.2d 29, 30 (3d Cir.1991) (explaining that if "a motion to dismiss is granted solely because it has not been opposed, the case is simply not being dismissed because the complaint has failed to state a claim upon which relief may be granted. Rather, it is dismissed as a sanction for failure to comply with the local court rule.").

To state a prima facie case for harassment due to age under the NJLAD, a plaintiff has the burden of demonstrating that: (1) the conduct at issue would not have occurred but for her age; (2) the conduct was severe or pervasive enough to make a; (3) reasonable person of plaintiff's age believe that; (4) the conditions of employment were altered and the working environment was hostile or abusive. *Nuness v. Simon & Schuster, Inc*, 221 F. Supp. 3d 596, 601 (D.N.J. 2016). Defendant's argument centers on the first element of the prima facie case—but for causation.

Under the first prong of the prima facie case, plaintiffs must establish "by a preponderance of the evidence that the impermissible conduct would not have occurred but for [their] protected class." *Shockley v. Coll. of New Jersey*, No. A-3212-10T4, 2012 WL 996621, at *10 (N.J. Super. Ct. App. Div. Mar. 27, 2012). All that is required is "a showing that it is more likely than not that the harassment occurred because of the plaintiff's [protected status]." *Velez v. Rocktenn Co.*, No. A-4097-14T3, 2018 WL 3613393, at *6 (N.J. Super. Ct. App. Div. July 30, 2018). "Common sense dictates that there is no LAD violation if the same conduct would have occurred regardless of the plaintiff's [protected status]." *Id.*

Sometimes, the but-for causation element may be established by the nature of the harassment itself. An allegation of sexual harassment, for example, may be found adequate where it is based on harassing conduct that is itself sexual in nature. *See Lehmann v. Toys 'R' Us, Inc.*, 132 N.J. 587, 605 (1993) (explaining "[w]hen the harassing conduct is sexual or sexist in nature, the but for element will automatically be satisfied."). Or an allegation of racial harassment may be found adequate where it is based on racist, or at least racial, comments or epithets. *Watkins v. Nabisco Biscuit Co.*, 224 F.Supp.2d 852, 865 (D.N.J.2002) (noting "[o]bviously, where conduct is clearly racial or racist in nature, the causal element will be satisfied."). Other times, the but-for causation element may be established by temporal proximity—for example, protected conduct that is closely followed by an adverse action. *DeSantis v. New Jersey Transit*, 103 F. Supp. 3d 583, 594 (D.N.J. 2015). However, a plaintiff is not categorically locked into a predetermined set of methods which she must employ in order to prove but-for causation. *Id.* (reasoning "it is possible that an employer could express it discriminatory animus by virtually any means. But unless those means themselves have a discriminatory tinge, further facts are needed to establish the but-for causation element."); *see also Salvero v. City of Elizabeth*, No. A-1110-15T1, 2017 WL 5983197, at *7 (N.J. Super. Ct. App. Div. Dec. 1, 2017) (noting there is no specific test for determining whether a plaintiff has met the burden of demonstrating that the harassment would not have occurred but for the protected status). There are many ways but-for causation may be shown. *Lehmann,* 132 N.J. at 605 (1993) (reasoning in non-facially sex-based harassment cases, a plaintiff can show but-for causation by proving that only women suffered the non-facially sex-based harassment or that such harassment was obviously sex-based).

On the facts alleged, we find that Plaintiff has failed to show the alleged harassment would not have occurred but for her age. She alleges that around the time she sought protected medical leave for her Crohn's disease flare up, Hershey began termination procedures against her. According to Plaintiff, Hershey set the stage for her termination when it called her out of a meeting because it suspected her of being under the influence of alcohol. This was the beginning of the alleged harassment. It then required Plaintiff to submit to a breathalyzer and urine test and placed her on administrative leave pending the results of the urine test. After the urine test came back positive for alcohol and marijuana, Hershey subjected Plaintiff to five months of random urine and breathalyzer tests, sporadic phone calls from human resource representatives checking on her well-being, psychological counseling, and required her to attend an outpatient drug treatment program and counseling in Hershey's Employee Assistance Program. Even after Plaintiff successfully jumped through all of these hoops, Hershey required her to sign a "last chance" agreement in consideration for her continued employment and then increasingly scrutinized her work. As far as this Court can tell, this is the alleged harassment that forms the factual basis for her hostile work environment claim.

What should be clear from these allegations is that there is absolutely no connection to Plaintiff's age. Plaintiff does not point to any comments made by managers suggesting age-based animus nor is there any indication that the reason for harassing her (i.e., her age) manifested itself shortly before the alleged harassment occurred. To be sure, neither of these allegations are necessary to show the alleged harassment would not have occurred but for the Plaintiff's age. But there needs to be some allegation that demonstrates the requisite discriminatory tinge. Such an allegation is entirely absent here. Plaintiff suggests, at most, that the alleged harassment was initiated due to her seeking FMLA leave or her disability, but not because of her age. Therefore,

like the many other courts that have dismissed claims for hostile work environment under the NJLAD when the allegations of harassment had no nexus to or an attenuated connection with the claimant's protected status, we will also dismiss, without prejudice, Plaintiff's hostile work environment claim. See, e.g., *DeSantis v. New Jersey Transit*, 103 F. Supp. 3d 583, 594 (D.N.J. 2015) (dismissing a New Jersey Transit employee's claim for hostile work environment under the NJLAD because his allegations that he was disciplined for insubordination even though he did not deserve it and was asked to complete assignments he should not have been responsible for had no inherent connection to his age, race, or disability); *Rossi v. Vericare Mgmt., Inc*., No. CV136884FLWDEA, 2016 WL 6892075, at *7 (D.N.J. Nov. 22, 2016) (concluding the plaintiff's allegations that upper management minimized his involvement in the company and put pressure on him to engage in purported fraudulent conduct failed to demonstrate the alleged harassment would not have occurred but for his age because they had no connection to his age).

Although Plaintiff alleges that in "temporal proximity to [her] termination, Defendant also terminated the employment of other workers age 55 or older who worked in the same district as Plaintiff" and that she was replaced by a younger, less experienced individual, there is no link between these allegations and the alleged harassment. These allegations post-date the alleged harassment,[4] and while they may certainly shed light on the potential motivation behind the termination, there are no facts suggesting that this motivation bled into the alleged harassment. The termination and alleged harassment are discrete events separated by more than

---

[4] Even if we were to infer that by "close temporal proximity," Plaintiff meant that some of these other employees were terminated prior to her, this still would not be enough for us to conclude that the alleged harassment would not have occurred but for her age. When relying on temporal proximity alone to establish a causal connection, courts generally require a short temporal connection, that is, a few days or a week. *Nuness v. Simon & Schuster, Inc*, 221 F. Supp. 3d 596, 606 (D.N.J. 2016); *Daniels v. Sch. Dist. of Phila*., 776 F.3d 181, 196 (3d Cir. 2015) (noting that a plaintiff may rely on temporal proximity if "unusually suggestive"). Therefore, even assuming that the time between the alleged aged-based terminations and alleged harassment was shorter than 5 months, an assumption that borders on speculation, the timing is still not close enough for us to conclude that the same motive animated both actions.

five months of employee-employer interactions that do not possess even the slightest hue of ageism. At bottom, the facts suggest that the alleged harassment would have occurred regardless of Plaintiff's age. Therefore, even construing all reasonable inferences in the light most favorable to Plaintiff, she has not alleged enough facts to suggest that the same motivation that propelled the terminations spurred the alleged harassment. Accordingly, Plaintiff has failed to satisfy the first element of the prima facie case for hostile work environment under the NJLAD.

## IV. CONCLUSION

For the reasons set forth above, Defendant's Motion to Dismiss is granted in part. The remainder of Defendant's motion to dismiss is denied as moot due to Plaintiff's filing of the amended complaint. An appropriate Order accompanies this Opinion.

Dated: 4/28/2021 /s/ Robert B. Kugler
ROBERT B. KUGLER
United States District Judge